The appellant, Mildred Law, was found guilty of the offense of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama (1975). She was sentenced to twenty-five years in the state penitentiary, pursuant to the Habitual Felony Offender Act.
The record indicates that after the jury was struck, the following transpired:
"[DEFENSE COUNSEL]:
 I asked for a continuance based on the fact that the jury panel, as well as the jury as constituted does not represent a fair cross-section of the population of the State of Alabama. And my client cannot get a fair trial under the laws of the State of Alabama, the Constitution of the U.S. So, I asked for a continuance until a more representative jury of my client's or the defendant's peers can be assembled.
"[PROSECUTOR]:
 "Judge, our response, of course, the defendant is black. It's our response there were ten blacks on the panel of 38. Even the defendant's attorney, himself, struck one of the black jurors. We don't think he has a valid objection.
"THE COURT:
"Any black on the Jury?
"[PROSECUTOR]:
"There is one black.
"THE COURT:
 "I don't think that matters but I am going to deny the motion anyway.
"[DEFENSE COUNSEL]:
"We except, Your Honor."
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), the Supreme Court ruled that a state criminal defendant could establish a prima facie *Page 77 
case of racial discrimination, violative of the Fourteenth Amendment, based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire, and that, once the defendant had made the prima facie showing, the burden shifted to the prosecution to come forward with a neutral explanation for those challenges. Thereafter, the Supreme Court determined that theBatson decision was to be applied retroactively. Griffith v.Kentucky, ___ U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 648 (1987). The Alabama Supreme Court has also determined that the Batson
decision is to be applied retroactively under the Alabama Constitution. Jackson v. State, 516 So.2d 768 (Ala. 1986). "The trial court must give the district attorney an opportunity to come forward with race-neutral explanations for his use of the peremptory strikes. If he is unable to do so and the trial court determines that the facts establish a prima facie case of purposeful discrimination, [the appellant] is entitled to a new trial." Ex parte Owens, [Ms. 85-1008, January 9, 1987] (Ala. 1987).
This case is remanded to the trial court with instructions to give the district attorney an opportunity to come forward with race-neutral explanations for his use of the peremptory strikes. Should the trial court find no prima facie showing of purposeful discrimination, a return shall be filed with this court containing the evidence at this hearing and the trial judge's findings following the hearing.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.